J. L. C. MATHEWS v. J. T. MURPHY.

J. L. C. MATHEWS v. J. W. BOWSER.

**Fraudulent Conveyances—Husband and Wife—Increase of Wife's Estate From the Proceeds of Husband's Labor is Subject to Attachment.**

A husband has the right to secure to his wife and family a home when it is not done at the expense of his creditors, but he can not add to his wife's estate by his labor and thereby increase her estate regardless of the claims of his creditors.

APPEAL FROM JEFFERSON CIRCUIT COURT.

February 7, 1872.

OPINION BY JUDGE PRYOR:

The court below upon the testimony adduced very properly sustained the attachments. Mathews had evidently been engaged in speculative operations in which he had wrecked his fortune. The effort upon his part to secure to his wife and family a home when not involved is to be regarded in any other light than as fraudulent. It was his duty to do so when not at the expense of his creditors. The conveyance to his wife by Morris was not fraudulent as to the appellees, whose debts originated long after the conveyance was made. The appellees, however, are not attacking the conveyances to the wife as fraudulent, or making any effort to subject the wife's property to the payment of their debts. The subsequent sales and conveyances by the husband and his wife of this property, and the effort upon the part of the appellant to increase the value of his wife's estate by or from the proceeds of his own labor, connected with his embarrassed pecuniary condition, was enough to induce a vigilant creditor to look to the security of his claims against him. His wife's estate had increased in value from February, 1870, until July, 1870, nearly ten thousand dollars. This increase had originated from personal liabilities incurred by the husband. In August, 1871, he again sold his wife's estate, or exchanged it for a large tract of land in Bullitt County, including horses, cattle, hogs, etc. This was shortly after the execution of the notes to the appellees. What was the value of this property in Bullitt County does not appear, but enough

is shown from the proof in the record to satisfy the mind of the chancellor that the object of the appellant was to add to his wife's estate by his own means and credit, regardless of the claims of creditors.

His liabilities were certainly increasing and his means of paying diminishing, and the result of his speculations and the management of his business affairs was the deed of assignment, made a few hours after appellee's attachments were obtained, for the benefit of his creditors. The property of appellant, valued at thirty thousand dollars or more in the year 1867, is all gone in 1871 with scarcely anything for creditors, and the wife in possession of an estate worth fifteen or twenty thousand dollars. Whilst we do not mean to say that the conveyance to the wife was fraudulent as to the creditors, we are of the opinion that the conduct of the husband before and after the conveyance by Morris was sufficient to arouse the suspicion of the creditors, and their efforts to secure their debts are fully sustained by the facts in the record. Judgment affirmed.

*Barr, Goodloe & Humphrey*, for appellant.

*Stratton, Needham*, for appellee.